## STATE *v.* SAWYER.

{ Aug. 13, 1875.

*Change of venue in criminal case—Practice.*

This court cannot, upon motion, interfere with the order of business in the circuit court.

Under article 17 of the bill of rights, the court has not power to order a change of venue for the trial of an indictment for murder, on motion of the prisoner.

FROM GRAFTON CIRCUIT COURT.

Moses B. Sawyer, indicted in the circuit court for murder in Grafton county, at this term moved here that the venue in his case be changed to some other county, on the ground, as alleged by his counsel, that he could not have an impartial trial in Grafton county.

*John H. George* and *H. Bingham,* for the defendant.

*Attorney-General, solicitor,* for the state.

BY THE COURT. We think this motion must be denied. (1) We are not aware of any law or practice which warrants an interference by this court, upon motion, with the order of business in the circuit court. (2) No evidence has been laid before us in support of the motion. (3) As at present advised, we think no power exists in any court, under article 17 of the bill of rights, to order such change of venue. " In criminal prosecutions, the trial of facts in the vicinity where they happen is so essential to the security of the life, liberty, and estate of the citizen, that no crime or offence ought to be tried in any other county than that in which it is committed, except in cases of general insurrection in any particular county, when it shall appear to the judges of the superior court that an impartial trial cannot be had in the county where the offence may be committed, and, upon their report, the legislature shall think proper to direct the trial in the nearest county in which an impartial trial can be obtained."

*Motion denied.*